UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Reyad Sibai,<br>    individually and on behalf of others<br>    similarly situated,<br><br>                        Plaintiff,<br>    v.<br><br>Vengroff Williams, Inc., and<br>Enzo Clinical Labs, Inc.<br><br>                        Defendants. | Civil Action No.:   **2:17-cv-3210** |

**CLASS ACTION COMPLAINT**

Plaintiff Reyad Sibai, by and through the undersigned counsel, states as follows:

1. The Plaintiff, individually and on behalf of others similarly situated, seeks redress for the Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; the New York General Business Law § 349; and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*[1]

**JURISDICTION AND VENUE**

2. Pursuant to 28 U.S.C. § 1331, this Court has federal-question jurisdiction over actions arising under the FDCPA and the TCPA. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims in this action, as all such claims arise out of the same case or controversy that is described herein.

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this district. The Defendants transact business in this district and the events giving rise to the claims occurred in this district.

---

[1] Allegations arising under the FDCPA are alleged only against Vengroff Williams, Inc. Allegations arising under New York General Business Law § 349 and the TCPA are alleged against all Defendants.

1

## THE PARTIES

4. The Plaintiff incorporates by reference all of the above paragraphs of this Class Action Complaint (hereinafter "Complaint") as though fully stated herein.

5. The Plaintiff is an adult individual residing in the State of New York. The Plaintiff and putative class members are "consumers[s]" pursuant to the FDCPA. *See* 15 U.S.C. § 1692a(3).

6. Defendant Vengroff Williams, Inc., (hereinafter "Vengroff Williams") is a foreign business corporation organized and existing under the laws of the State of Florida. Vengroff Williams is a third-party debt collector.

7. Defendant Enzo Clinical Labs, Inc. (hereinafter "Enzo Labs") is a domestic business corporation. Upon information and belief, Enzo Labs hired Vengroff Williams to collect a medical bill allegedly owed by the Plaintiff.

8. Upon information and belief, the Defendants entered into an agency relationship and worked cooperatively in order to collect unpaid medical bills pertaining to the Plaintiff and putative class members. Upon information and belief, Enzo Labs maintained direct and apparent authority over the collection process and directed, authorized, ratified, and/or permitted actions by Vengroff Williams. The Defendants are jointly and severally liable for the violations arising under New York General Business Law § 349 and the TCPA.

## FACTUAL ALLEGATIONS

9. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

10. In or about October of 2015, the Plaintiff underwent a medical procedure at a facility owned and operated by Enzo Labs. This procedure resulted in a medical bill in the

amount of $733.50. On the date of the medical procedure, the Plaintiff held a medical insurance policy through the Health Republic Insurance of New York, Corp. (hereinafter "Health Republic").

11. Upon information and belief, Enzo Labs failed to promptly submit a claim regarding the above-stated procedure to Health Republic.[2] After a period of delay lasting several month, Enzo Labs eventually submitted the claim, but by that point, Health Republic had entered a liquidation proceeding.

12. Pursuant to the above-stated liquidation proceeding, "participating provides in the Health Republic network [no longer had] a legal right to collect . . . any amount that is owed to them by Health Republic." (*See* Ex. A.)

13. Upon information and belief, the Defendants decided to aggressively pursue collection against the Plaintiff realizing that they may not recover the amount from Health Republic due to its insolvency. However, the Defendants had no legal right to collect or attempt to collect the above-stated amount due to an injunction ordered through the insolvency proceeding.

14. The Defendants proceeded with collection by engaging in a relentless campaign of telephone harassment against the Plaintiff. This campaign was comprised of incessant calling, verbal intimidation, threats, and hostile conduct.

15. The Plaintiff asked the Defendants to stop calling, but his request was ignored and the calls persisted.

---

[2] Upon information and belief, Enzo Labs was in possession of the Plaintiff's medical insurance information.

16.     On several occasions, the Defendants' collections agents yelled and screamed at the Plaintiff and made remarks including, but not limited to, "you have to pay," and "it's your responsibility."

## CLASS ALLEGATIONS

17.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.     The Plaintiff alleges that the Defendants violated the following provisions of law against himself and putative class members: 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(10), 1692f(1), and New York General Business Law § 349.

19.     The Plaintiff proposes a class to be defined as follows:

    a.  **All individuals**

        i.  **who were subjected to any collection efforts by either Defendant,**

        ii. **who resided in the State of New York at the time of such collection effort, and**

        iii. **where any collection was impermissible due to the Health Republic liquidation proceeding.  (*See* Ex. A.)**

20.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, a class is appropriate and preferable because of the factors stated below.

    a.  The Defendants' violations stem from routine communications and correspondence with consumers.  Thus, the proposed class is so numerous that joinder of all members is impractical.

b. There are questions of law and fact common to the class and these questions predominate over any questions affecting individual claims.

c. Identification of putative class members is a matter that can best be determined from the Defendants' records.

d. The precise number of putative class members is unknown at this time and can only be discerned through discovery. However, upon information and belief, the Defendants collect on the unpaid medical bills of thousands of consumers. Therefore, the members of the class are believed to be so numerous that the joinder of all its members is impractical.

e. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in prosecuting collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

f. A class action is superior for the fair and efficient adjudication of the putative class members' claims.

g. Absent a class action, most members of the putative class would find the cost, time, and ability of engaging in protracted litigation prohibitive.

h. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

    i.   Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the Defendants.

    j.   Proceeding by way of a class action is the most economical and sensible manner in which to vindicate the injuries sustained by the Plaintiff and potential class members.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.    The Plaintiff alleges that the Defendant Vengroff Williams violated the following sections of the FDCPA against himself and the putative class: 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(10), and 1692f(1).  (*See* ¶¶ 10-16, *supra.*)  The Plaintiff and putative class members are entitled to statutory damages pursuant to the Defendant's violations of the FDCPA.

23.    Furthermore, the Plaintiff alleges that Vengroff Williams violated 15 U.S.C. §§ 1692d, 1692d(2), and 1692d(5).  (*Id.*)  The Plaintiff is entitled to statutory and actual damages pursuant to the Defendant's violation of the aforementioned FDCPA provisions.

## COUNT II
## VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 349

24.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.    New York General Business Law § 349 prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service" in the State of New York.

26. By acting as medical service provider and debt collector, the Defendants conduct business and/or provide services within the meaning of New York General Business Law § 349.

27. The Defendants engaged in deceptive acts and practices against the Plaintiff and putative class members by virtue of the acts and omissions described in paragraphs 10-16, *supra*. The aforementioned acts and omissions by the Defendants 1) were deceptive and misleading in a material sense, and 2) caused injury to the Plaintiff. The Defendants acts have and continue to broadly affect consumers residing in the State of New York.

28. By reason of the conduct alleged above, the Defendants engaged in deceptive conduct in violation of New York General Business Law § 349. The Plaintiff and putative class members are entitled to statutory damages pursuant to the Defendants' violations of New York General Business Law § 349.

### COUNT III
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Upon information and belief, the Defendants used an automatic telephone dialing system call the Plaintiff's cellular telephone. An automatic telephone dialing system is a system that has the capacity to dial and "to store or produce numbers to be called, using a random or sequential number generator." 47 U.S.C. § 227(a)(1).

31. The Defendants used an automatic dialing system to call the Plaintiff's cellular telephone without his prior express consent. This conduct violated 47 U.S.C. § 227(b)(1)(A)(iii).

32. The foregoing acts and omissions by the Defendants constitute violations of the TCPA. The Plaintiff is entitled to statutory damages resulting from the TCPA violations.

7

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants by

1. Awarding the Plaintiff and putative class members statutory damages pursuant to 15 U.S.C. § 1692k,

2. Awarding the Plaintiff and putative class members the costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3),

3. Awarding the Plaintiff and putative class members statutory damages, attorneys' fees, and costs pursuant to New York General Business Law § 349,

4. Awarding the Plaintiff statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5); and

5. Granting such other and further relief that the Court may deem just and proper.

Dated: May 26, 2017

> Respectfully submitted,
> By: /s/ Hashim Rahman
> Hashim Rahman, Esq.
> Rahman Legal
> 155 Water Street
> Brooklyn, NY 11201
> hrahman@rahmanlegal.com
> Phone: (347) 433-6139
> Fax:    (347) 382-9457